In re Estate of Edward J. Stuchlik, Jr., deceased, and In re
Trust Created by Edward J. Stuchlik, Jr., deceased.
John E. Stuchlik, appellant, v. Margaret Stuchlik,
Personal Representative and Cotrustee, and
Kenneth Stuchlik, Cotrustee, appellees.

___ N.W.2d ___

Filed March 20, 2015.    No. S-13-1118.

supplemental opinion

Appeal from the County Court for Saunders County: Patrick
R. McDermott, Judge. Supplemental opinion: Former opinion
modified. Motions for rehearing overruled.

Paul R. Elofson, of Fitzgerald, Schorr, Barmettler & Brennan,
P.C., L.L.O., for appellant.

Richard L. Rice and Andrew C. Pease, of Crosby Guenzel,
L.L.P., for appellees.

Heavican, C.J., Wright, Connolly, Stephan, McCormack,
Miller-Lerman, and Cassel, JJ.

Per Curiam.
Case No. S-13-1118 is before this court on the motions for
rehearing filed by the appellant and the appellees regarding our
opinion in *In re Estate of Stuchlik*.[1] We overrule the motions,
but we modify the opinion as follows:

In the section of the opinion titled "II. BACKGROUND,"
under the subheading "4. Activities of Cotrustees," we
withdraw the first and second paragraphs[2] and substitute the
following:

> After Stuchlik's death, Margaret, as the surviving
> joint tenant, conveyed her interest in the residence she
> shared with Stuchlik—which was property different from
> the "home place"—to Edward, Voboril, and Kenneth as
> tenants in common, subject to a life estate granted to

---

[1] *In re Estate of Stuchlik*, 289 Neb. 673, 857 N.W.2d 57 (2014).

[2] *Id*. at 678-79, 857 N.W.2d at 64.

Margaret. As the warranty deed states, "[Margaret], a single person, Grantor, in consideration of One Dollar ($1.00) and other good and valuable consideration, conveys to Grantees, [Edward, Voboril, and Kenneth], as tenants-in-common, an undivided one-half interest in and to the following described real estate . . . ." The warranty deed then purports to convey the residence from Margaret to Edward, Voboril, and Kenneth.

In January 2013, Margaret, Kenneth, and Edward entered the home place premises without the consent of John. They were accompanied by a county sheriff's deputy who testified that he did so "through a civil standby that [he] was requested to do sometime at the beginning of this year." The county sheriff's deputy testified that he was directed by the sheriff to accompany Margaret and her two children "to make sure that there's no sort of altercation between the two parties." Margaret, Kenneth, and Edward entered the residence and changed the locks. Since the retaking of the home place, Margaret, Kenneth, and Edward have indicated to John that they intend to demolish the residence. John alleges that Margaret's and Kenneth's treatment of his personal property in the residence constituted a conversion.

In the section of the opinion designated "V. ANALYSIS," under the subheadings "2. Removal as Cotrustees," "(a) Contract for Wills or Oral Trust," and "*(i) Contract for Wills*," we withdraw the first paragraph[3] and substitute the following:

The county court did not err in finding that even if there was enough evidence to support a contract for wills, such a contract was not relevant to this action. John argues that Margaret had entered into a contract for wills with Stuchlik before his death and that the two had contracted to equally divide the trust between their three sons. However, as the county court recognized, the proper case for a breach of a contract for wills is not a probate action against the decedent's estate, but, rather, is

[3] *Id*. at 684, 857 N.W.2d at 67.

an action for breach of contract or an action against the breaching party's estate. Therefore, a contract for wills is wholly irrelevant to this action to remove cotrustees.

Under those same subheadings, we withdraw the third paragraph[4] and substitute the following:

> The county court found that the evidence of a letter from Margaret and Stuchlik directing Bromm on the division of the estate was merely the evidence of an intent to have mutual wills, and not an agreement to will. The court found that the language in the will did not raise a presumption of a contract for wills. However, the court did not need to make either determination.

In the section of the opinion designated "V. ANALYSIS," under the subheadings "2. REMOVAL AS COTRUSTEES," "(a) Contract for Wills or Oral Trust," and "*(ii) Oral Trust*," we withdraw the second and third paragraphs[5] and substitute the following:

> The county court found that there was no evidence of such oral trust. Given our standard of review in these proceedings, we must give weight to the court's evidentiary findings. We do not reweigh evidence, but consider evidence in the light most favorable to the successful party and resolve evidentiary conflicts in favor of the successful party.[13]
>
> Because we find that the county court did not err in finding that an existence of a contract for wills or an oral trust would be irrelevant to the removal of a trustee, we find no merit to John's arguments that the court erred in not allowing discovery on the matter, erred in granting attorney-client privilege, or erred in failing to review Bromm's testimony in camera for relevancy.

The remainder of the opinion shall remain unmodified.

FORMER OPINION MODIFIED.

MOTIONS FOR REHEARING OVERRULED.

---

[4] *Id*.

[5] *Id*. at 685-86, 857 N.W.2d at 68.